1
2
3
4
5
6
7

8         UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10  PARNELL EDWARDS,

11              Plaintiff,                Case No.  C06-5128RJB

12       v.                               ORDER ON PENDING
                                          MOTIONS
13  HAROLD CLARKE, *et al.*,

14              Defendants.

15

16      This matter is before the court on (i) Plaintiff's motion for sanctions (Doc. 22); (ii) Plaintiff's

17 motion for an extension of time to conduct discovery (Doc. 24); and (iii) Defendants' motion for summary

18 judgment (Doc. 28).  The court, having reviewed the record does hereby find and ORDER:

19      1. Plaintiff's motion for sanctions is DENIED.  Plaintiff fails to show facts sufficient to award

20 any sanctions against Defendants or Defendants' attorney in this matter.

21      2. Plaintiff's motion for an extension of time to conduct discovery is **GRANTED.**  The following

22 dates shall be adhered to by the parties.  All discovery shall be completed by **January 30, 2007**.  Any

23 further dispositive motion shall be filed and served on or before **February 28, 2007.**  The Joint Status

24 Report is due by **April 15, 2007.**

25      3. Pending before the court is Defendants motion for summary judgment (Doc. 28).  The court

26 notes Defendants' motion and supporting pleadings did not advise the pro se plaintiff as required by the

27 Ninth Circuit.  While the court's order directing service noted the requirements, out of an abundance of

28 caution and in order to make it perfectly clear to Plaintiff what is required, Plaintiff shall note the

ORDER
Page - 1

following:

      The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
      Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998). Accordingly, **Defendants' motion for summary judgment is renoted for consideration on October 13, 2006. Regardless to the extension of discover granted above, Plaintiff's opposition brief, along with the required declarations or other sworn statements, shall be filed no later than Tuesday, October 10, 2006.**

    4. The clerk is further directed to send copies of this Order to plaintiffs and to counsel for defendants.

    DATED this 18th day of September, 2006.

                                              /s/ J. Kelley Arnold
                                              J. Kelley Arnold
                                              United States Magistrate Judge