UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PARNELL EDWARDS,<br><br>        Plaintiff,<br><br>  v.<br><br>HAROLD CLARK, *et al.*,<br><br>        Defendants. | Case No.  C06-5128RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 24, 2006 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the court on defendants' motion for summary judgment, which was noted for consideration on October 13, 2006. *See* Docs. 28 & 38. After reviewing the motion and the balance of the record, the undersigned recommends that the Court grant summary judgment in favor of defendants.

PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, Parnell Edwards, is a Washington State inmate who has filed a 42 U.S.C. § 1983 civil rights action alleging that he has been subjected to cruel and unusual punishment in violation of the Eighth Amended and to violations of due process protected by the Fourteenth Amendment. Specifically, Plaintiff alleges prison officials failed to protect him from "White Supremist" inmates and failed to timely provide him a yearly classification hearing as required by Department of Corrections (DOC) policy. Defendants move to dismiss plaintiff's claims due to Mr. Edward's failure to exhaust available administrative remedies

as required by 42 U.S.C. § 1997(e)(a), and Plaintiff's allegations of a due process violation do not support a constitutional claim. The court should grant the motion.

## DISCUSSION

A § 1983 complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A. EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES IS REQUIRED

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the Act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Supreme Court has held that inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance. Booth v. Churner, 531 U.S. 956, 121 S.Ct. 1819, 1825 (2001). The Supreme Court has recently reaffirmed the exhaustion requirement in Woodford v. Ngo. 548 U.S. ___, No. 05-416 at 1 (2006). In Woodford, the Supreme Court upheld the requirement that the inmates fully exhaust available administrative remedies, and held that exhaustion must be done in a timely manner, consistent with prison policies. Id. at 11.

REPORT AND RECOMMENDATION
Page - 2

Here, Plaintiff did not exhaust his administrative remedies regarding his failure to protect claim. Washington State's Department of Correction's grievance procedure consists of four levels of review:

**Level 0:** The grievance coordinator at the prison receives a written complaint from an offender on an issue about which the offender wishes to pursue a formal grievance. At this complaint level, the prison's grievance coordinator pursues informal resolution, returns the complaint to the offender for rewriting, returns the complaint to the offender requesting additional information, or accepts the complaint and processes it as a formal grievance. Routine and emergency complaints accepted as formal grievances begin at Level I, complaints alleging staff misconduct are initiated at Level II.

**Level I:** Grievances against policy, procedure, or other offenders, and grievances processed as emergencies. The local grievance coordinator is the respondent at this level.

**Level II:** Offenders may appeal Level I grievances. Staff conduct grievances are initiated at this level. All appeals and initial grievances received at Level II are investigated, with the prison superintendent being the respondent.

**Level III:** Offenders may appeal all Level II responses except emergency grievances to Department headquarters in Tumwater, Washington, where they are reinvestigated. State Administrators are the respondents to Level III appeals.

Since March 1, 2005, offenders have 20 working days from the date of an incident to properly file and initiate the grievance process.

Defendants note that Mr. Edwards' complaint about staff failing to protect him from "White Supremist" inmates is a grievable issue, but they provide persuasive evidence that Mr. Edwards failed to file and exhaust this claim through the prison grievance process. In response, Plaintiff has filed several letters and a motion for counsel and a motion to compel discovery. Plaintiff has not provided sufficient evidence to either show that he did properly grieve the matter or raise a question of fact regarding whether or not he properly exhausted his administrative remedies regarding this claim. Accordingly, the undersigned finds that Plaintiff has not exhausted available administrative remedies. The PLRA requires prisoners to participate in available grievance procedures prior to filing a complaint in federal court, and the court should encourage prisoners to participate in the process. Defendants' motion for summary

1  judgment on the basis the Plaintiff failed to properly exhaust his Eighth Amendment claim should be
2  granted.

3  **B. PLAINTIFF DOES NOT HAVE A LIBERTY INTEREST IN A CLASSIFICATION REVIEW HEARING**

4  Procedural due process does not protect the actual deprivation of the life, liberty, or property in
5  question, but ensures that individuals are given an adequate opportunity to challenge the government
6  action. Carey v. Piphus, 435 U.S. 247, 259 (1978). To state a claim for a violation of procedural due
7  process, plaintiffs must show (1) a protected property interest has been taken, and (2) procedural
8  safeguards are inadequate. Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972). Washington inmates
9  do not have a protected, enforceable interest in their classification. Hernandez v. Johnston, 833 F.2d 1316,
10 1318 (9th Cir. 1987); In re Dowell, 100 Wn.2d 770, 674 P.2d 666 (1984); *see also* Smith v. Noonan, 992
11 F.2d 987 (9th Cir. 1993) (Washington inmates do not have a protected liberty interest in remaining in the
12 general population or in not being placed in segregation); Personal Restraint of Matteson, 142 Wn.2d 298,
13 12 P.3d 585 (2000) (Washington inmates do not have a protected interest in being placed in or remaining
14 in a particular prison).

15 Here, Plaintiff alleges that his rights were violated when he did not get his annual classification
16 hearing in late September 2005. Plaintiff does not have a protected interest in his classification under either
17 state or federal law. Accordingly, Defendants are entitled to summary judgment on Plaintiff's classification
18 claim.

19 CONCLUSION

20 Based on the foregoing discussion, the Court should dismiss plaintiff's complaint and causes of
21 action. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
22 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P.
23 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v.
24 Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
25 set the matter for consideration on **November 24, 2006**, as noted in the caption.
26 DATED this 2nd day of November, 2006.
27
28                                      */s/ J. Kelley Arnold*
                                        J. Kelley Arnold
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4